Ilsley, J.
The defendant, in the suit of George Purves v. Mrs. Maria Smith, pending in the court below, having obtained an injunction to stay proceedings under a writ of fieri facias, issued out in that suit, the plaintiff, during the pendency of the injunction, caused the writ to be returned and substituted in its stead an alias fieri facias, which the sheriff was about to execute, when the defendant proceeded by a rule on him to show cause why the alias fieri facias should not be quashed, or why he should not abstain from acting under the alias fieri facias, until the injunction-suit was disposed of, and from a judgment dismissing this rule, the defen* dant has taken a suspensive appeal.
A motion is made in this court to dismiss the appeal, because that remedy is not allowed by law from a judgment on a rule to arrest proceedings under final process by a writ of fieri facias, which the plaintiff says could only be done by way of injunction, and the appellee relies, in support of his motion, on the case of The State of Louisiana v. The Judge of the Second District Court of New Orleans, 9 A. 302.
That was a proceeding for a mandamus, to direct the Judge of the inferior court to grant a suspensive appeal from a judgment on a rule to quash a writ of fieri facias, and the Court in that case very properly held that the right of the plaintiff to execute the judgment, which he has obtained for a sum of money, can only be suspended upon a petition, affidavit and bond given for an injunction.
The bare statement of the facts and circumstances of this case shows, that there is no analogy whatever between it and the one referred to, and relied on.
Whether the judgment appealed from disposed of the injunction-suit, or was an interlocutory decree, which may cause the defendant, Mrs. Smith, an irreparable injury, an appeal may be taken from it, and the motion to dismiss the appeal, therefore, cannot be maintained, and is overruled.
Ilsley, J.
The plaintiff and appellant sued out an injunction to restrain the sheriff from executing a judgment in favor of the defendant, Purves, because the execution was issued prematurely, before notice of judgment, which was one by default, was served on her.
Pending the injunction, the writ of fieri facias was returned into court, and a notice of judgment was regularly served upon the appellant; and afterwards, in due time, an alias fieri facias was issued, and under it the sheriff seized and advertised for sale the same property, which had been seized on the writ of fieri facias.
A rule was then taken by the appellant upon the defendant, Purves, to show cause why the alias writ of fieri facias should not be quashed by reason of the injunction previously granted against the original writ.
The rule was dismissed at the mover’s costs, and a suspensive appeal taken from the decision of the District Court.
The original writ was returned into court unconditionally, and this released the seizure made'under it. The seizure complained of'was made under the alias fieri facias.
We think this case comes within the principle enounced in Wright v. Roussell, 6 A. 73.
*280 The Court therein say: “The question is presented, whether the plaintiff's appeal (from a judgment dissolving an injunction) was a legal impediment to the subsequent proceedings of the creditor by executory process.
Tne matter at issue, in the case in which the appeal was pending when the alias writ was issued, was as to the regularity of the proceedings under the executory process, in the notice required to bo given to the debtor, and the advertisement of the land seized. The injunction was against further proceedings, on the ground that the sale under them would be illegal and injurious to the debtor.
The return of the writ terminated all action under the process then issued.
But the statute, obliging courts to award damages on the dissolution of injunctions of executions, and the right of parties to their appeal, necessarily, kept open for decision the question as to the regularity of the proceedings by which the land was to be sold, inasmuch, as the damages to be awarded against the principal and his surety would be dependent on that decision.
“ We do not consider,” says the Court, “ that the appeal involving the mere irregularity of the proceedings of seizure and sale, as affecting any other remedies which the creditor had for the recovery of his debt. We tbinkthe Court below did not err in dismissing the rule.”
It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, at the costs of the appellant.